Sharon Lynn **DAVIS**, Administratrix of the Estate of Jack Elmo Davis, Deceased, Plaintiff,

v.

The **UNITED STATES** of America, Defendant and Third-Party Plaintiff,

v.

**COOLEY SOFT WATER CO., INC.,** a Michigan corporation, and Stella L. Cooley, Administratrix of the Estate of Merritt S. Cooley, Deceased, Agent for Cooley Soft Water Co., Inc., Third-Party Defendant and Counterclaimant.

Civ. A. No. 37352.

United States District Court, E. D. Michigan, S. D.

Oct. 26, 1972.

VanderKloot, Young & Reid, Birmingham, Mich., for plaintiff.

Robert A. Rosenberg, Detroit, Mich., Robert W. Carr, Pontiac, Mich., John M. Heaphy, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This court has now before it a motion by plaintiff to amend her complaint in this Federal Tort Claims action to include claims against the third party defendants, Cooley Soft Water Company and the estate of Merritt Smith Cooley, deceased.

Plaintiff wishes to state the same claims that she has already set out in her action in Oakland County Circuit Court against the same defendants.

There is, however, no diversity of citizenship between plaintiff and third party defendants. This would prevent the exercise of jurisdiction over this claim if it were the sole subject of this suit. The original complaint herein, however, states a claim against the United States Government and its named agencies under the Tort Claims Act which in turn

brought in the third party defendants. The claims asserted against the United States Government and its agencies, by that defendant against the third party defendants and vice versa, are so intertwined with the claims of the plaintiff in the proposed amended complaint against the third party defendants and those in the state action that it is proper in this case to apply the doctrine of pendent jurisdiction and allow plaintiff to amend her complaint as requested.

Jack Elmo Davis was killed in an airplane crash on September 24, 1969 at Tri-City Airport in Saginaw County, Michigan. The aircraft was a Cessna 182C, owned by Cooley Soft Water Company and piloted by Merritt Smith Cooley, also deceased.

The suit in the State Court was brought by plaintiff as administratrix for the estate of Jack Davis, deceased, against Cooley Soft Water Company and the estate of Merritt Cooley under the Wrongful Death Act, based upon defendants' negligent operation of the aircraft. These are the same claims alleged in the proposed amendment and sought to be appended to this cause.

The original suit brought by plaintiff in this court is against the United States Government and its named agencies under the Federal Tort Claims Act. The complaint charges that specified agencies of the government failed to properly supervise the pre-flight proceedings of the pilot, failed to give the pilot a weather briefing and improperly gave clearance and direction to land the aircraft, such acts being the proximate cause of the crash.

A third party complaint was filed in this case by the government against Cooley Soft Water and the estate of Merritt Cooley. It alleges that the third party defendants are responsible for the crash due to inadequate pre-flight planning and conducting a flight in weather conditions that were below the minimum standards as set out in the Visual Flight Rules. The government asserts that if it is held liable, defendants as primary tort feasors are liable over to it. The third party defendants filed a counterclaim against the government, third party plaintiff, asserting that the government's actions were the primary cause of the accident and asking for judgment against the government as to any liability that may be imposed on them in the state court action. Plaintiff in this motion seeks to assert the same claims against the Cooley Soft Water Company and the estate of Merritt Cooley as are set out in plaintiff's complaint in the state action against the same defendants, and which are the basis for the third party counterclaim against the government by them in this action.

It is apparent that there was one incident, resulting in one injury, spawning two lawsuits and additional claims of liability over. The single incident was the crash; the single injury was the death of decedent. Yet this has given rise to two closely interrelated lawsuits, one against the government in Federal Court and one against the pilot and owner of the plane in the State Court.

In addition we have claims for liability over both ways in this court because the government is not subject to suit in the State Court.

It is difficult to imagine any two cases that are more interrelated than these. Not only do both cases arise out of the same facts, but the proposed amended claims of the plaintiff against the third party defendants are substantially the same as are the claims of the government defendant against the third party defendants.

In United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the court stated that as between a single plaintiff and a single defendant in the interest of judicial economy a Federal Court may exercise jurisdiction over claims that ordinarily could not be brought in a Federal Court when the Federal and State claims are so interrelated as to be capable of being treated as one case. There must be a common nucleus of operative fact and there must be a substantial Federal claim. Here the suits are completely intertwined

based on a common nucleus of operative fact. Moreover, the Federal claim here is indeed substantial; this court has jurisdiction over the parties here by virtue of the Federal Tort Claims Act, under which the Federal Courts are the only courts that have the jurisdiction to hear cases sounding in tort against the Federal Government. The third party defendants are properly in the case because of the government's claim of liability over.

The *Gibbs* court disapproved of the narrow construction put on Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933) as being too rigid an application of theory. *Gibbs* thus expanded federal jurisdictional power to include cases that under *Hurn* would require two separate trials in separate courts.

To read *Gibbs* to apply only to situations wherein there is one plaintiff and one defendant having two claims between them (a Federal claim and a State claim) is to destroy the spirit of the case. The intent of the court was to permit Federal courts to hear controversies within the limits of a "nucleus of operative fact", yet the fact situation of *Gibbs* is entirely too narrow to give full effect to that policy. As long as there is only one wrong and one recovery, as here, and, as here, all parties are properly before the court, whether as plaintiff, defendant or third party defendant, it matters not how many defendants there are, nor does it matter that one of the claims between two of the parties is not supported by independent jurisdictional grounds.

This is not a case in which a party plaintiff simply wishes to assert a non-federal claim against a separate defendant on the basis of a federal claim against another defendant. This is a case in which the plaintiff wishes to assert a non-federal claim against a party already properly in the lawsuit, a third party defendant, all arising out of the "nucleus of operative fact", United Mine Workers v. Gibbs, supra. No part of the lawsuit as it now stands in the Federal Court could be brought in the State Court because of the Federal Tort Claims Act.

It seems reasonable, therefore, to apply *Gibbs* and permit the complaint to be amended to bring the state claim to the federal court so that this whole matter may be disposed of at one time. As Judge Clark said in his dissent in Musher Foundation, Inc. v. Alba Trading Co., Inc., 127 F.2d 9 (2d Cir. 1942): "If the roast must be reserved exclusively for the federal bench, it is anomalous to send the gravy across the street to the state court house."

This conclusion is supported by Astor-Honor, Inc. v. Grosset & Dunlap, 441 F.2d 627 (2d Cir. 1971), in which the Second Circuit found that it would be an unjustifiable waste of judicial time to require the plaintiff to prosecute two cases based on identical facts, against the two defendants, in two separate courts.

In Almenares v. Wyman, 453 F.2d 1075 (2d Cir. 1971), the Second Circuit reaffirmed the position taken in *Astor-Honor* when it read, ". . . the doctrine of pendent jurisdiction is sufficiently broad to support a claim within the limits of *Gibbs* against a person not a party to the primary, jurisdiction-granting claim." (page 1083)

This case differs from Gautreau v. Central Gulf Steamship Corporation, 255 F.Supp. 615 (E.D.La.1966), in that here all parties are before the court independently of the amendment. This case falls within the limits of *Gibbs, Astor-Honor* and *Almenares*. It is proper to exercise jurisdiction over the claim of plaintiff against third party defendants, notwithstanding the absence of federal question or diversity of citizenship.

It is argued that because the proposed amendment will require a jury trial of the claims alleged by plaintiff, and because jury trials are not allowed in cases prosecuted under the Federal Tort Claims Act, judicial economy will be defeated here and the court should not permit amendment and assume jurisdiction over the claim in question. The court finds no conflict to exist, for procedure can be worked out to permit the

judge and jury to exercise their appropriate roles as to each of the claims in one trial.

It is within the court's discretion to allow the plaintiff to amend the complaint as desired, thereby bringing her claims against Cooley Soft Water Company and the estate of Merritt Smith Cooley, deceased, within the jurisdiction of this court. United Mine Workers v. Gibbs, supra, 383 U.S. page 726, 86 S.Ct. 1130. Such discretion will be exercised and the amendment allowed, if and when plaintiff indicates formally that the action against the above mentioned defendants now being prosecuted by her in the Circuit Court for Oakland County, Michigan, will not be actively prosecuted and that all discovery there taken of the plaintiff will be available in the present case as if it had here been had. The action in the State Court need not be dismissed as a protection against error on the part of this court on jurisdictional grounds. However, a formal statement of the primacy of this action must be filed including a commitment to dismiss the state action on the termination of litigation in the Federal Court for or against the plaintiff on the merits.

So ordered.