**Ann MICKELIC and Donald L. Mickelic, her husband**

v.

**UNITED STATES POSTAL SERVICE and the United States of America**

v.

**John STIPANOVICH and Mary Stipanovich, his wife.**

**Civ. A. No. 73–29.**

United States District Court, W. D. Pennsylvania.

July 11, 1973.

Robert E. J. Curran, U. S. Atty., Philadelphia, for defendants.

Krause & Baker, Pittsburgh, for plaintiffs.

Wayman, Irvin, Trushel & McAuley, Pittsburgh, for third party defendants.

## OPINION

SNYDER, District Judge.

Plaintiffs, domiciled in Pennsylvania, brought suit against the United States Postal Service and The United States of America under the Federal Tort Claims Act (28 U.S.C.A. § 1346(b)) for injuries allegedly sustained by wife-plaintiff in a fall on January 9, 1971. The United States then joined defendants, John Stipanovich and Mary Stipanovich, his wife, pursuant to jurisdictional authority conferred by 28 U.S.C.A. § 1346(c). The complaint originally alleged that the defendant, United States of America, was the lessee of a parcel of real estate situated in Allegheny County, Pennsylvania, in the Western District, and was responsible for and obliged to maintain a parking lot in good and safe condition, and that the injuries sustained by the wife-plaintiff were the direct and proximate result of the negligence of the defendant, United States of America. The third party complaint alleged that the Stipanovichs were the owners of the premises and by the lease under which the United States occupied the premises,

the lessors had the obligation to maintain the premises in good and safe condition, and to prevent or remedy the alleged omission for which the United States had been sued in the action.

The plaintiffs have now moved this court for leave to file an amended complaint in order that the plaintiffs may assert a claim against the third party defendants, Stipanovich, alleging that in the alternative to their claim against the United States, the plaintiffs aver that the defendants, Stipanovich, were responsible for and obligated to maintain the parking lot in good and safe condition. This motion for leave to file had attached to it the amended complaint which failed to allege any jurisdictional facts either as to the residence of the defendants, Stipanovich, or as to the amount in controversy. The motion to amend could have been denied on this basis alone for it is absolutely clear that the jurisdiction of a District Court must appear affirmatively on the face of the complaint. Rule 8(a), Federal Rules of Civil Procedure, sets forth that:

> "A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the ground upon which the court's jurisdiction depends."

In the leading case of Patton v. Baltimore & O. R. Co., 197 F.2d 732 (3d Cir. 1952) and consistently followed thereafter, Chasis v. Progress Manufacturing Company, 382 F.2d 773 (3d Cir. 1967), the jurisdictional averments had been consistently required unless a party seeking to invoke federal jurisdiction asserts a substantial claim under a federal statute. Romero v. International Term. Operat. Co., 358 U.S. 354, 359, 79 S.Ct. 468, 473, 3 L.Ed.2d 368, 374 (1959) and Roadway Express, Inc. v. General Teamsters, Etc., Local 249, 330 F.2d 859, 861 (3rd Cir. 1964).

However, at the argument, the parties stipulated that the third party defendants were also residents of Allegheny County, Pennsylvania, within the Western District, and that no other jurisdictional factors were relied upon except the fact that the original action was against the United States under the Federal Tort Claims Act and could not be brought in the State Court of Pennsylvania, and that, therefore, the only basis being alleged by the plaintiffs for their right to amend was on the fact that this claim being alleged by the plaintiffs was ancillary to or pendent to the original claim asserted.

The issue clearly presented is: May plaintiffs bring in a third party defendant under Rule 14(a), Federal Rules of Civil Procedure, absent jurisdictional factors independent of the Federal Tort Claims complaint filed against another party? The question arises because the amendment presents a separate and distinct nonfederal cause of action alleging that the lessors were responsible for the condition which caused the plaintiff's fall as an alternative to the original complaint alleging that the United States was at fault.

■ ■ We have carefully reviewed the authorities cited to us and reluctantly come to the conclusion that under Rule 14(a), Federal Rules of Civil Procedure, jurisdictional facts must exist between the plaintiff and the third party defendant before a plaintiff is permitted, by way of amendment, to add the third party defendant as a party defendant.

Chief Judge Marsh, of this Court, in Corbi v. United States, 298 F.Supp. 521, at p. 522 (1969) had exactly the same problem before him and very conclusively set forth the law as follows:

> "(2) It has been long since decided that under Rule 14(a) Fed.R.Civ.P. jurisdictional facts must exist between the plaintiff and a third party defendant before plaintiff is permitted by way of amendment to add the third party defendant as a party defendant. See McPherson v. Hoffman, 275 F.2d 466 (6th Cir. 1960); Patton v. Baltimore & O. R. Co., 197 F.2d 732, 743 (3d Cir. 1952); Gladden v. Stockard S.S. Co., 184 F.2d 510 (3d Cir. 1950); Sheppard v. Atlantic States Gas Co.,

167 F.2d 841, 845 (3d Cir. 1948); Friend v. Middle Atlantic Transp. Co., 153 F.2d 778 (2d Cir. 1946); Osthaus v. Button, 70 F.2d 392 (3d Cir. 1934); Palumbo v. Western Maryland Railway Company, 271 F.Supp. 361 (D. Md. 1967); Armstrong v. United States, 171 F.Supp. 835, 840 f.n. 4 (E.D.Pa. 1959); McDonald v. Dykes, 6 F.R.D. 569 (E.D.Pa. 1947); aff'd per curiam 163 F.2d 828 (3d Cir. 1947); 3 Moore's Federal Practice 14.27(1). None of these cases so much as mentions pendent jurisdiction. The principles of the rule that once jurisdiction attaches, a federal court retains jurisdiction, are not applicable."

"I relied on some of these decisions in Pasternack v. Dalo, 17 F.R.D. 420, 425 (W.D.Pa. 1955) in declaring that if the plaintiffs and third party defendants were citizens of the same state the district court "would lack jurisdiction to render a binding judgment in favor of the plaintiffs against the third-party defendants."

"As stated in 37 A.L.R.2d, at page 1430, Sec. 9: 'The courts have held, with almost complete uniformity, that an amendment of the plaintiff's complaint so as to assert a claim against the third-party defendant destroys the court's jurisdiction, where the plaintiff and the third-party defendant have a common citizenship.' (Citing numerous decisions)."

"The notes of the Advisory Committee on Rule 14 state that '(I)n any case where the plaintiff could not have joined the third party originally because of jurisdictional limitations such as lack of diversity of citizenship, the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailing. (Citing cases)."

"This case is unlike cases where under state statutory law two rights of action shall be redressed in one suit, for example: a father's claim is pendent to that of his son, Wilson v. American Chain and Cable, 364 F.2d 558 (3d Cir. 1966), and under both the Survival Act and Wrongful Death Act of Pennsylvania the Federal Court has jurisdiction of either claim as pendent to the other, Borror v. Sharon Steel Company, 327 F.2d 165 (3d Cir. 1964)."

Earlier in this opinion I used the word "reluctantly" with respect to the decision herein made, not because the clear weight of authority is not in favor of the position as announced, but, rather, because of the position that a plaintiff finds himself in when required under the Federal Tort Claims Act to bring the suit in the United States District Court when the United States is a party. However, the jurisdiction of the District Court is apparently too well established by law to, at this time, afford of any enlargement of jurisdiction.

■ It is also the opinion of the Court that the doctrine of pendent jurisdiction would not apply to the present factual situation. An examination of the Third Circuit cases exercising pendent jurisdiction seem to deal with the situation where a federal question is predominant, as for example, in anti-trust cases which also involve state causes of action: Knuth v. Erie-Crawford Dairy Coop. Association, 395 F.2d 420 (3d Cir. 1968); Deaktor v. Fox Grocery Company, 332 F.Supp. 536 (W.D.Pa. 1971); Ohio Barge Lines, Inc. v. Dravo Corporation, 326 F.Supp. 863 (W.D.Pa. 1971).

■ ■ It is apparent that there is considerable difference between the anti-trust situation and the Federal Tort Claims Act situation which we have in this case, for under the tort claims the Court applies the state law in redressing claims against the government, and the mere use of the Federal Tort Claims Act does not impose a substantial federal question which is normally needed before the doctrine of pendent jurisdiction can be applied. There are some decisions applying pendent jurisdiction to cases where original jurisdiction was obtained under the Federal Tort Claims

Act or through diversity of citizenship: Buresch v. American LaFrance, 290 F. Supp. 265 (W.D.Pa. 1968); Davis v. United States, 350 F.Supp. 206 (E.D. Mich. 1972). Both of these decisions have been rather consistently disregarded. It is possible to take a very broad interpretation of the most recent Supreme Court decision on pendent jurisdiction, Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In that case, however, a mine superintendent sued the defendant international union seeking damages under Section 303 of the Labor Management Relations Act on the basis of an alleged secondary boycott, and also seeking damages under the state law on the basis of an unlawful boycott and an unlawful conspiracy to interfere with his contract of employment and his contract of haulage. In an opinion by Brennan, J., it was held that the District Court had the power to exercise pendent jurisdiction over the plaintiff's non-federal claims, and that it was not error to refuse to dismiss such claims. We are, however, convinced that despite the language in the Gibbs case, which would be susceptible to broad interpretation, the vast majority of the cases have seen fit not to extend the doctrine to diversity and F. T.C.A. cases. Furthermore, as set forth in *Gibbs* (383 U.S. 726, 86 S.Ct. 1139, 16 L.Ed.2d 228), the power of exercising jurisdiction need not be exercised in every case in which it is found to ·exist. Pendent jurisdiction is a doctrine of discretion and lies apparently in "considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." See: Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. In the instant case there is not a situation involved in which a state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong. To the contrary, in the instant case we feel that the plaintiff will have his day in court against the defendants, lessors and that in the exercise of discretion, the amended complaint should not be permitted.

An appropriate order will be entered.