A. Stuart **WHEELWRIGHT**, Plaintiff,

v.

**UNITED STATES of America and Utah Power & Light Company, a Utah Corporation, Defendants.**

No. NC 75–63.

United States District Court, D. Utah, N. D.

Jan. 30, 1976.

Orrin G. Hatch, Thomas N. Crowther, Salt Lake City, Utah, for plaintiff.

Ramon M. Child, U. S. Atty., Salt Lake City, Utah, for U. S.

Stephen B. Nebeker, Salt Lake City, Utah, for Utah Power & Light Co.

## ORDER DENYING MOTION TO DISMISS

ALDON J. ANDERSON, District Judge.

On December 18, 1975, the defendant Utah Power & Light Company filed a motion to dismiss and a supporting memorandum. The plaintiff filed a memorandum opposing the motion to dismiss on December 30, 1975, and the defendant company filed an additional memorandum on January 13, 1976. The court has carefully examined all of the filed materials, has conducted independent research, and considers itself to be well advised concerning the motion.

The plaintiff's complaint seeks to join a state law negligence claim against the defendant company with a Federal Tort Claims Act wrongful death action against the United States. 28 U.S.C.A. § 1346(b)(1962). The defendant Utah Power & Light Company contends that it is not properly joined as a party defendant because there is no independent basis of jurisdiction over it and pendent jurisdiction is not proper in this case. The defendant company contends that this is a case of adding a "pendent party" rather than a "pendent claim" and that the federal district courts may not have the power to hear such "pendent actions." *See Moor v. County of Alameda*, 411 U.S. 693, 713–14, 93 S.Ct. 1785, 1797–98, 36 L.Ed.2d 596, 611–12 (1973). The defendant company points out that the Supreme Court has stated that federal district courts can exercise their discretion and deny such a joinder. *Moor, supra*, at 715, 93 S.Ct. at 1798, 36 L.Ed.2d at 613. The defendant company maintains that, even if this court decides that it has jurisdiction over the defendant company, it should exercise its discretion and dismiss the pendent claim. The defendant company maintains that the courts in all but one case concerned with a pendent claim to a Federal Tort Claims Act action have rejected attempts to add state claim parties where no independent ground for jurisdiction was found to exist. *See, e. g., Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969); *Mickelic v. United States Postal Service*, 367 F.Supp. 1036, 1039–40 (W.D. Pa.1973).

The plaintiff counters the defendant company's arguments with the general contention that, as a matter of power and discretion, this court may entertain the plaintiff's state law claim against the defendant company and that considerations of convenience, judicial economy and fairness favor that result. While admitting that this court possesses the discretion not to hear the pendent state claim, the plaintiff contends that federal courts have pendent jurisdiction over state claims when those claims bear such a relationship to substantial federal claims "that the entire action before the court comprises but one constitutional 'case.' . . ." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 227 (1966). The plaintiff contends that, although Gibbs related to "pendent claims" not "pendent parties", its rationale has been extended in almost every circuit to encompass circumstances where federal jurisdiction is asserted over a person not a party to the primary, jurisdiction granting claim. *See, e. g., Leather's Best, Inc. v. S. S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971); *Nelson v. Keefer*, 451 F.2d 289, 291 (3d Cir. 1971). While acknowledging that

there is a split of authority on the question, the plaintiff maintains that the majority favor extending *Gibbs* to cases such as the one before this court. The plaintiff emphasizes that the entire case arises from the same facts, the action against both defendants is based on the theory of negligence so any potential for jury confusion is minimized, and joining the claims would aid in judicial economy.

In its memorandum filed January 13, 1976, the defendant company responded to the plaintiff's memorandum by arguing that if judicial economy were the only criteria, "pendent parties" would always be permitted to join with a federal case.' The defendant company again stressed the fact that other factors have been considered and most courts have rejected joinder of "pendent parties" in Federal Tort Claims Act cases.

### Analysis

The Supreme Court, in *United Mine Workers v. Gibbs, supra,* stated the standard to be used in deciding if a pendent state claim could be joined with a federal action:

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

383 U.S. at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 228. The Supreme Court also explained that the allowance of pendent jurisdiction is discretionary with the court and "[i]ts justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . ." *Id.* at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228.

Concerning the cases that have applied the *Gibbs* rationale to "pendent parties" as well as "pendent claims" the Supreme Court has stated:

It is true that numerous decisions throughout the courts of appeals since *Gibbs* have recognized the existence of judicial power to hear pendent claims involving pendent parties where "the entire action before the court comprises but one constitutional 'case'" as defined in *Gibbs. Hymer [Hymer v. Chai*, 407 F.2d 136 (9th Cir. 1969)] stands virtually alone against this post-*Gibbs* trend in the courts of appeals . . . . Moreover, the exercise of federal jurisdiction over claims against parties as to whom there exists no independent factual basis for federal jurisdiction finds substantial analogies in the joinder of new parties under the well-established doctrine of ancillary jurisdiction in the context of compulsory counterclaims under Fed. Rules Civ. Proc. 13(a) and 13(h), and in the context of third-party claims under Fed. Rule Civ. Proc. 14(a).

*Moor v. County of Alameda, supra,* 411 U.S. at 713–15, 93 S.Ct. at 1797, 36 L.Ed.2d at 612. The language quoted from *Moor* seems to lend support to the trend extending *Gibbs* to "pendent party" claims. The Supreme Court, however, chose not to finally decide that "subtle and complex question." 411 U.S. at 715, 93 S.Ct. at 1798, 36 L.Ed.2d at 613.

*Leather's Best, Inc. v. S. S. Mormaclynx, supra,* appears to be typical of the cases that have extended the *Gibbs* rationale. The *Leather's Best* court concluded:

> [I]n a case such as this, where the facts underlying the state and federal claims are identical, a federal court vested with admiralty jurisdiction over a shipper's claim against the carrier for breach of contract of carriage does have the "power" also to entertain its state tort claim against a pier operator.

451 F.2d at 811. It should be noted that the operator of the pier was a subsidiary of the vessel owner. That fact, however, appears to have had no effect on the court's determination.

The courts that have rejected the *Gibbs* rationale in Federal Tort Claims Act "pendent party" cases have used different approaches. The Ninth Circuit, in *Williams v. United States, supra* at 954, simply stated:

> This court has repeatedly held that in order for a claim against other parties to be joined properly with a claim against the United States under the Federal Tort Claims Act, an independent ground of jurisdiction must exist, and that the theory of pendent jurisdiction is not sufficient.

The court cited pre-*Gibbs* Ninth Circuit cases as authority for that proposition. A Pennsylvania Federal District Court followed a different approach in *Mickelic v. United States Postal Service, supra* at 1039–40:

> It is apparent that there is considerable difference between the anti-trust situation and the Federal Tort Claims Act situation which we have in this case, for under the tort claims the Court applies the state law in redressing claims against the government, and the mere use of the Federal Tort Claims Act does not impose a substantial federal question which is normally needed before the doctrine of pendent jurisdiction can be applied. . . .
> We are, however, convinced that despite the language in the Gibbs case, which would be susceptible to broad interpretation, the vast majority of cases have seen fit not to extend the doctrine to diversity and F.T.C.A. cases.

The Tenth Circuit Court of Appeals confronted a question similar to the one now before this court in *Niebuhr v. State Farm Mutual Automobile Insurance Co.*, 486 F.2d 618 (10th Cir. 1973). In *Niebuhr*, the jurisdiction of the federal court was based on diversity and amount in controversy. The court found that one appellee had a claim in excess of $10,000 while the claim of another appellee lacked the requisite jurisdictional amount. In considering the issue of "pendent party" jurisdiction, the court stated:

McFarlane's claim was below the $10,000 figure but the court found it pendent to that of Niebuhr. This was entirely appropriate since both personal injury claims arose out of the same accident and required the same proof as to liability.

486 F.2d at 621. The basic legal factual premise was that Niebuhr had the requisite jurisdictional amount and allowing McFarlane's claim as pendent was proper because of its unitary nature with the claim of Niebuhr, and its accomplishment of judicial economy. *Niebuhr v. State Farm Mutual Automobile Insurance Co., supra.* Although the statement by the court in *Niebuhr* is very brief, it appears that the Tenth Circuit accepted the appellees' argument.

It has been observed that commentators have criticized the trend which allows federal courts to exercise jurisdiction over pendent party state claims without an independent jurisdictional basis when joined with a claim where federal jurisdiction does exist. Comment, *The Extension of Pendent Jurisdiction to Parties not in the Jurisdiction Conferring Suit*, 20 Loyola L. Rev. 176 (1974). Of course, other writers support the liberal trend. Comment, *Pendent and Ancillary Jurisdiction: Towards a Synthesis of Two Doctrines*, 22 U.C.L.A. L. Rev. 1263, 1277–81 (1975). The court has some reservations concerning the propriety of extending pendent party jurisdiction to cases where there are no significant independent federal issues. The rationale in *Mickelic v. United States Postal Service, supra*, is quite convincing. The *Mickelic* court concluded that a Federal Tort Claims Act case does not present a substantial federal issue as is required by *Gibbs* before a federal court has the power to hear a pendent state claim.

 This court, however, feels bound to follow the rationale of the Tenth Circuit Court of Appeals in *Niebuhr v. State Farm Mutual Automobile Insurance Co., supra.* A Federal Tort Claims Act case, such as the one before

this court, presents at least as substantial a federal question as did the diversity action in *Niebuhr*. Before granting pendent party jurisdiction in the diversity action, the *Niebuhr* court stated that both claims had to arise out of the same accident and require the same proof concerning liability. 486 F.2d at 621. In the case before this court, the wrongful death claim against both of the defendants arose from the same accident. The proof concerning the liability of the two defendants, however, though similar, is not exactly the same. A recovery against the United States requires that negligence and causation first be established as they relate to the defendant Utah Power & Light Company and that it then be shown that the United States is somehow also responsible for the negligence of the defendant or that the United States is guilty of independent negligent conduct that caused the death of the plaintiff's son. Although the theory of recovery against the two defendants is not identical, it is substantially the same and requiring the plaintiff to proceed in separate trials against the two defendants would involve a great deal of duplication. The theory (negligence), the factual basis for the claims, and the relief sought against both defendants are the same. As such, this case seems to meet the requirements of *Niebuhr*. If, however, the relief sought or the theories of recovery were different in the two causes of action, this court would not permit joinder of the two claims even though they arose from the same occurrence.

An additional basis exists for determining that this court has jurisdiction over the pendent claim against the Utah Power & Light Company. After considering the cited authorities, the court feels that, based on the statements of the Supreme Court in *Gibbs* and *Moor*, it is likely that the Court, when faced with the question, will decide that federal courts have jurisdiction over "pendent parties" in Federal Tort Claims Act cases. That being the case, this court should entertain the action against the defendant Utah Power & Light Compa-

ny unless there is a basis for exercising the court's discretion to not hear the case.

There appears to be no basis for a claim that proceeding against both defendants in one action would be unfair or inconvenient and there appear to be few, if any, administrative difficulties in joining both defendants in the same case. Aside from the jurisdictional question, this is clearly the type of case that one would expect to be tried as a whole and trying both actions in the same case is clearly in the interest of judicial economy. It appears that the *Gibbs* requirements have been met and there is no basis for the court to exercise its discretion and dismiss the claim against the defendant Utah Power & Light Company.

IT IS HEREBY ORDERED that the motion filed by the Utah Power & Light Company, requesting that it be dismissed from the case, is denied.