**Gerald B. MURPHY, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

Civ. A. No. 78–251.

United States District Court, District of Columbia.

April 19, 1978.

Louis Fireison, Bethesda, Md., for plaintiff.

Tobey W. Kaczensky, Asst. U. S. Atty., George T. Masson, Jr., Asst. Corp. Counsel, Washington, D. C., for defendants.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

While an inmate at the Lorton Reformatory, Plaintiff Gerald B. Murphy was allegedly beaten and stabbed by other inmates. This attack is attributed to the negligence of the Defendants in providing for his security.

This case is before the Court on the Motion of Defendants Delbert C. Jackson, Director of the District of Columbia Department of Corrections, Marion D. Strickland, Superintendent of Correctional Facilities at Lorton Reformatory, and the District of Columbia (hereafter District of Columbia Defendants) to Dismiss the Complaint. The basis for the motion is that this Court lacks subject matter jurisdiction as to the claims asserted against these Defendants.

Jurisdiction over the other Defendants in this case, the Attorney General of the United States and the United States (hereafter Federal Defendants), is based on the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., and its jurisdictional counterpart, 28 U.S.C. § 1346(b).[1] There is no challenge to juris-

---

1. Section 1346(b) states:

[T]he district courts . . . shall have exclusive jurisdiction of civil actions on

diction over the Federal Defendants.[2]

Pendent party jurisdiction is the basis for Plaintiff's claims against the District of Columbia Defendants. The issue presented is whether the principle of pendent jurisdiction may be applied so as to join the District of Columbia Defendants, over whom no independent basis of jurisdiction is asserted.

The Supreme Court discussed pendent claim jurisdiction in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):

> Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . .," U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court . . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

*Id.* at 725, 86 S.Ct. at 1138. *United Mine Workers of America, supra,* and *Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), expressly permit a federal court to exercise pendent jurisdiction over state claims against the same party over which subject matter jurisdiction exists for some other claim or claims.

claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claim-

Courts have split over the application of the principle of pendent jurisdiction to the joinder of state claims over parties other than those over whom subject matter jurisdiction has been independently obtained. The basis for permitting the joinder of pendent parties is derived from *United Mine Workers of America, supra:*

> Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

*Id.* 383 U.S. at 724, 86 S.Ct. at 1138.

*Hipp v. United States,* 313 F.Supp. 1152 (E.D.N.Y.1970), presents a well-reasoned discussion in favor of permitting jurisdiction over pendent parties. Plaintiffs in that case were passengers in a Navy ambulance involved in a collision with an automobile. Plaintiffs sought damages against the United States and the driver of the automobile, basing jurisdiction on the Federal Tort Claims Act. The *Hipp* court stated:

> The case of a joint tort-feasor made a defendant in a case under the Federal Tort Claims Act is peculiarly appropriate for application of the principle of "the conservation of judicial energy and the avoidance of a multiplicity of litigation" because the "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." If the cases were tried separately, each defendant would seek to cast the blame on the other and it would be possible for the plaintiff to recover nothing . . .

*Id.* at 1155.[3]

Several courts have not permitted the joinder of pendent parties. For example,

ant in accordance with the law of the place where the act or omission occurred.

2. In their Answer, the Federal Defendants have contested jurisdiction as to them; however, there is no motion with respect to subject matter jurisdiction over the Federal Defendants pending before the Court.

3. *See also Leather's Best, Inc. v. S.S. Mormaclynx,* 451 F.2d 800, 809–11 (2d Cir. 1971);

*Mickelic v. United States Postal Service,* 367 F.Supp. 1036 (W.D.Pa.1973), involved claims by plaintiffs for injuries suffered in a fall in a post office parking lot. Claims were asserted against the United States under the Federal Tort Claims Act, and the individual lessors of the premises. Although jurisdiction existed over the United States, *Mickelic, supra,* held that pendent jurisdiction would not be permitted to join the individual lessors.[4] That court reasoned that "the mere use of the Federal Tort Claims Act does not impose a substantial federal question which is normally needed before the doctrine of pendent jurisdiction can be applied." *Id.* at 1039.[5]

The Supreme Court recently dealt with the issue of pendent party jurisdiction in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Plaintiff in that case, a clerk in the Spokane County, Washington, treasurer's office, alleged that she was fired in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.[6] Jurisdiction over the federal claim against various officials of Spokane County was asserted under 28 U.S.C. § 1343(3), and pendent jurisdiction was alleged to lie over the state law claims against Spokane County.[7]

*Aldinger, supra,* refused to apply the principle of pendent jurisdiction discussed in *United Mine Workers of America, supra,* to join pendent parties, as opposed to pendent claims against parties with respect to which federal jurisdiction independently exists. The Court stated that the addition of new parties "would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." *Aldinger, supra,* 427 U.S., at 15, 96 S.Ct., at 2420. The Court noted that the plaintiff could pursue all her claims in state court, if she so desired. *Id.*

Integral to this Court's application of the analysis employed by *Aldinger, supra,* is an examination into "whether by virtue of the statutory grant of subject matter jurisdiction" upon which Plaintiff Murphy's claims against the Federal Defendants rest "Congress has addressed itself to the *party* as to whom jurisdiction pendent to the principal claim is sought." *Id.* at 16, 96 S.Ct. at 2421. Upon such inquiry in *Aldinger, supra,* the Court found that Congress had explicitly excluded parties such as the County from the scope of federal jurisdiction, under §§ 1343 and 1983, and therefore the Court would not permit jurisdiction over those same parties to be introduced through the backdoor by way of pendent party jurisdiction.[8]

Wheelwright v. United States, 409 F.Supp. 627 (N.D. Utah 1976); *Moloney v. United States,* 354 F.Supp. 480, 481 (S.D.N.Y.1972).

4. The Court made this decision "reluctantly," based on its reading of precedent. *Mickelic, supra,* at 1039.

5. *See also Williams v. United States,* 405 F.2d 951 (9th Cir. 1969); *Horton v. United States,* Civil No. 77–0109 (D.D.C., filed May 31, 1977).

6. 42 U.S.C. § 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

7. Spokane County was not deemed a "person" under 42 U.S.C. § 1983, and therefore not within the jurisdictional scope of 28 U.S.C. § 1343(3).

8. *Aldinger, supra,* at 17, 96 S.Ct., at 2421, reasoned:

Parties such as counties, whom Congress *excluded* from liability in § 1983, and therefore by reference in the grant of jurisdiction under § 1343(3), can argue with a great deal of force that the scope of that "civil action" over which the district courts have been given statutory jurisdiction should not be so broadly read as to bring *back* within that power merely because the facts also give rise to an ordinary civil action against them under state law. In short, as against a plaintiff's claim of *additional* power over a "pendent party," the reach of the statute conferring jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power *has* been extended by Congress.

*Aldinger, supra,* carefully limited its holding to the specific statutes there involved, §§ 1983 and 1343,[9] and even suggested that application of its analysis to the Federal Tort Claims Act might provide a contrary result.[10]

Applying the *Aldinger* analysis to the instant action, this Court concludes that the joinder of pendent parties should be permissible under the Federal Tort Claims Act and its jurisdictional counterpart, 28 U.S.C. § 1346(b). The Federal Tort Claims Act provides no exclusion of any parties comparable to the exclusion of municipalities under § 1983. Jurisdiction over the federal government under the Federal Tort Claims Act is exclusive in the federal court, and therefore "*only* in a federal court may all of the claims be tried together." Plaintiff's claims against the Federal Defendants are of sufficient substance to confer subject matter jurisdiction on this Court, and the claims against the Federal Defendants and District of Columbia Defendants comprise "but one constitutional case."

For these reasons, the Court finds that pendent jurisdiction is an appropriate basis for jurisdiction over Plaintiff's claims against the District of Columbia Defendants. The Motion of the District of Columbia Defendants to Dismiss the Complaint shall be denied in an Order accompanying this Memorandum.

9. Since *Aldinger, supra,* several courts have not permitted pendent party jurisdiction, *see, e. g., Ayala v. United States,* 550 F.2d 1196 (9th Cir. 1977), *cert. granted,* 434 U.S. 814, 98 S.Ct. 50, 54 L.Ed.2d 70 (1978); *Texas Acorn v. Texas Area 5 Health Systems Agency, Inc.,* 559 F.2d 1019, 1023 (5th Cir. 1977), *reh. denied,* 565 F.2d 908 (5th Cir. 1978), while other courts have permitted the joinder of pendent parties, *see, e. g., Transok Pipeline Co. v. Darks,* 565 F.2d 1150 (10th Cir. 1977); *Glover v. New York City,* 446 F.Supp. 110 (E.D.N.Y.1978).

*Rieser v. District of Columbia,* 183 U.S.App. D.C. 375, 563 F.2d 462 (1977), in a well-reasoned opinion, permitted pendent jurisdiction. That opinion was subsequently vacated and rehearing en banc granted on November 7, 1977.

10. The *Aldinger* Court stated:

[W]e decide here only the issue of so-called "pendent party" jurisdiction with respect to a claim brought under §§ 1343(3) and 1983. Other statutory grants and other alignments of parties and claims might call for a different result. When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together. As we indicated at the outset of this opinion, the question of pendent-party jurisdiction is "subtle and complex," and we believe that it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement upon the existence or exercise of such jurisdiction. *Id.* 427 U.S. at 18, 96 S.Ct. at 2422.