Josephine PRICE, Administratrix of the Estate of James H. Price

v.

The UNITED STATES of America

and

The City of Philadelphia

and

Louis S. Aytch.

Civ. A. No. 77-2304.

United States District Court, E. D. Pennsylvania.

Feb. 27, 1979.

Mitchell A. Kramer, Kramer & Salus, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U. S. Atty., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for the United States.

Thaddeus J. Bartkowski, Asst. City Sol., City of Philadelphia, Philadelphia, Pa., for City and Aytch.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On July 1, 1977, the plaintiff, Josephine Price, administratrix of the estate of her deceased husband, James H. Price, filed a complaint against the United States, the City of Philadelphia, and Louis Aytch, the Superintendent of Philadelphia Prisons, for damages arising out of the death of her husband on December 29, 1974, while he was incarcerated in Holmesburg Prison, a

penal institution located in Philadelphia. The plaintiff's cause of action against the United States was brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, while her claims against the City and Mr. Aytch were based solely on Pennsylvania's Wrongful Death and Survival Acts. The plaintiff alleged in her complaint that the defendants' negligence created an unsafe atmosphere for the decedent, and that the defendants negligently and carelessly failed to properly guard the decedent. The case comes before the Court at this time on the motion of the defendants City of Philadelphia and Mr. Aytch to dismiss the case against them on the grounds that (1) our prior decision, *Price v. United States*, C.A. No. 75–3132 (E.D.Pa. May 6, 1976), in which we dismissed the plaintiff's complaint for lack of subject matter jurisdiction, is res judicata in this case; (2) this Court does not have subject matter jurisdiction over them because there is no federal claim asserted against them; and (3) the applicable Pennsylvania statutes of limitations bar the plaintiff's state law claims. For the reasons hereinafter set forth, we will grant the motion to dismiss the plaintiff's claims against the City of Philadelphia and Mr. Aytch.

A summary of the history of this litigation is important to the understanding and resolution of these issues. In November, 1975, the plaintiff filed a complaint against the United States, the City of Philadelphia and Mr. Aytch, on the same grounds as are asserted in the complaint before the Court at the present time. Jurisdiction was based on 28 U.S.C. § 1346(b) and pendent jurisdiction. In May, 1976, we dismissed the action against the United States for lack of subject matter jurisdiction, since it was based on the Federal Tort Claims Act and the plaintiff had failed to exhaust the administrative remedies prescribed in 28 U.S.C. § 2675. We also dismissed the action against the remaining defendants, since the claims asserted against them were state law claims and were cognizable in this Court only under the doctrine of pendent jurisdiction. The following month, plaintiff filed the claim with the federal agency as re-quired by 28 U.S.C. § 2675 of the Federal Tort Claims Act. A final determination on the merits of that claim was rendered in June, 1977. As pointed out above, the present complaint was filed on July 1, 1977.

■ The first contention of the City of Philadelphia and Mr. Aytch is that since we previously dismissed the plaintiff's claim for lack of subject matter jurisdiction, we are required by the doctrine of res judicata to do so again. They contend that the doctrine applies because both the 1975 and the 1977 complaints have alleged the same cause of action. We do not agree with the defendants' contention. The decision of this Court in 1976 required the plaintiff to exhaust administrative remedies before this Court could hear her claims against the United States. We are not now precluded from finding that the plaintiff has followed the necessary administrative procedures required by the Federal Tort Claims Act. As stated by Professor Moore:

[A] judgment dismissing a suit because of the non-existence of a fact essential to the plaintiff's cause of action conclusively adjudicates that the fact is essential, but is not a conclusive adjudication that the essential fact will never exist. Similarly, . . . a judgment dismissing a suit for lack of jurisdiction does not bar a later suit after facts have come into existence that confer jurisdiction.

1B *Moore's Federal Practice* ¶ 0.415 at 2054 (2d Ed. 1974) (footnotes omitted); *see Etten v. Lovell Manufacturing Co.*, 225 F.2d 844, 846 (3d Cir. 1955), *cert. denied*, 350 U.S. 966, 76 S.Ct. 435, 100 L.Ed.2d 839 (1956). Although there may be a question as to whether the City of Philadelphia and Mr. Aytch have standing to raise the issue of res judicata in connection with the claim against the United States under the Federal Tort Claims Act, it is nevertheless clear that the doctrine of res judicata does not bar plaintiff's present action against the United States under the Federal Tort Claims Act.

■ Mr. Aytch and the City of Philadelphia next contend that the plaintiff's claims

against them must be dismissed because no independent ground of jurisdiction exists with respect to them. The plaintiff's position, based on dictum in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), is that the doctrine of pendent party jurisdiction authorizes this Court to assert jurisdiction over the City of Philadelphia and Mr. Aytch. In *Aldinger*, the Supreme Court held that there was no pendent party jurisdiction over a municipality in a suit brought under 42 U.S.C. § 1983, on the ground previously expressed in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that Congress intended to exclude municipalities as parties in such actions.[1] The *Aldinger* Court cautioned, however, against a broad extension of its holding, 427 U.S. at 18, 96 S.Ct. at 2422:

> [W]e decide here only the issue of so-called "pendent party" jurisdiction with respect to a claim brought under §§ 1343(3) and 1983. Other statutory grants and other alignments of parties and claims might call for a different result. *When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that only in a federal court may all of the claims be tried together.* As we indicated at the outset of this opinion, the question of pendent-party jurisdiction is "subtle and complex," and we believe that it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement upon the existence or exercise of such jurisdiction (emphasis added) (footnote omitted).

*Aldinger* appears to have reserved for another day the decision as to whether pendent party jurisdiction exists where the plaintiff alleges jurisdiction pursuant to the Federal Tort Claims Act and asserts pendent party jurisdiction over others on the basis of the same tortious allegations. This case presents that very situation; i. e., a Federal Tort Claims action where jurisdiction is exclusively in the federal court and the federal court is the only court in which all the claims may be tried together.

Several post-*Aldinger* cases have confronted the question of pendent party jurisdiction in connection with claims brought under the Federal Tort Claims Act. In *Ayala v. United States*, 550 F.2d 1196 (9th Cir.), *cert. granted*, 434 U.S. 814, 98 S.Ct. 50, 54 L.Ed.2d 70 (1977), *cert. dismissed*, 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978), the Ninth Circuit held that there was no constitutional basis for asserting pendent party jurisdiction in a Federal Tort Claims action. It would appear that the Eighth Circuit has likewise declined pendent party jurisdiction in this situation. *Kack v. United States*, 570 F.2d 754 (8th Cir. 1978). On the other hand, in *Dick Meyers Towing Service Inc. v. United States*, 577 F.2d 1023 (5th Cir. 1978) (per curiam), the Fifth Circuit held that pendent party jurisdiction exists in Federal Tort Claims situations. Several United States district courts outside the Fifth, Eighth, and Ninth Circuits have asserted pendent party jurisdiction in connection with the Federal Tort Claims Act. *Wood v. Standard Products Co., Inc.*, 456 F.Supp. 1098 (E.D.Va.1978); *Murphy v. United States*, 451 F.Supp. 544 (D.D.C. 1978); *Pearce v. United States*, 450 F.Supp. 613 (D.Kan.1978); *Santoni v. United States*, 450 F.Supp. 608 (D.Md.1978); *Maltais v. United States*, 439 F.Supp. 540 (N.D.N.Y. 1977); *Wheelwright v. United States*, 409 F.Supp. 627 (D.Utah 1976). Although it appears that our Third Circuit has not directly addressed the issue of whether a district court has the power to exercise pendent party jurisdiction in connection with a case brought under the Federal Tort Claims Act, it is clear from the decisions both within and outside this Circuit that wherever pendent jurisdiction, including pendent party jurisdiction, has been found to exist, the courts have uniformly declared that its exercise is discretionary. Therefore, in the

---

1. The Supreme Court recently held, however, that a municipality is a "person" within the meaning of 42 U.S.C. § 1983 and subject to federal jurisdiction under that statute. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

event it is determined that our court has the power to exercise pendent party jurisdiction in a Federal Tort Claims Act case, we would nevertheless use our discretion and decline to exercise the power in this case because of the statutes of limitations problems, as hereinafter discussed, presented by the state law claims against the pendent parties.

Under Pennsylvania law, the law which we must apply to the state law claims, the statute of limitations for the wrongful death claim is one year and the statute of limitations for the survival action is two years. 12 P.S. § 1603; 12 P.S. § 34; *Ammlung v. City of Chester*, 494 F.2d 811 (3d Cir. 1974); *Schenk v. Piper Aircraft Corp.*, 377 F.Supp. 477 (W.D.Pa.1974), aff'd, 521 F.2d 1399 (3d Cir. 1975); *McGuire v. Erie Lackawanna Ry. Co.*, 385 A.2d 466 (Pa.Super.1978). The date of death is alleged to have been December 29, 1974. The complaint presently before this Court was filed on July 1, 1977. From the face of the complaint it appears that the statutes of limitations have run as to both the wrongful death action and the survival action. The plaintiff claims, however, that both of these state statutes of limitations have been tolled because: (1) a complaint in this case was filed in this Court on November 3, 1975, which complaint was dismissed on May 6, 1976 for lack of subject matter jurisdiction on the ground that the plaintiff's federal tort claim had not been filed with the federal agency; (2) a complaint was filed in state court on November 3, 1975, which action is presently pending before the state court; and (3) the federal tort claim was filed with the federal agency on June 10, 1976, and was denied by the federal agency on June 27, 1977.

■ The plaintiff's first contention, that the state statutes of limitations are tolled because a complaint in this case was filed in this Court on November 3, 1975, which complaint was dismissed on May 6, 1976 for lack of subject matter jurisdiction on the ground that the plaintiff's federal tort claim had not been filed with the federal agency, ap-

pears to be without judicial support. The decided cases hold that state statutes of limitations are not tolled by the filing of a complaint in federal court, which complaint is dismissed for lack of subject matter jurisdiction. *Butler v. Sinn*, 423 F.2d 1116, 1118 (3d Cir. 1970) (per curiam); *Sasso v. Koehler*, 445 F.Supp. 762, 767–68 (D.Md.1978); *DiSabatino v. Mertz*, 82 F.Supp. 248, 249 (M.D.Pa.1949).

■ The plaintiff's second contention, that the state statutes of limitations are tolled because a complaint was filed in state court on November 3, 1975, which action is presently pending before the state court, is likewise without merit. It is well settled that the commencement of an action in state court has no effect on the running of the statute with respect to an action filed later in federal court. *Falsetti v. Local Union No. 2026, United Mine Workers*, 355 F.2d 658, 662 (3d Cir. 1966); *Royal-Globe Insurance Cos. v. Hauck Manufacturing Co.*, 233 Pa.Super. 248, 335 A.2d 460, 462 (1975).

■ The plaintiff's third contention, that the state statutes of limitations are tolled because the federal tort claim was filed with the federal agency on June 10, 1976 and was denied by the federal agency on June 27, 1977, is also without merit. It is clear that the federal statute of limitations,[2] which provides that a tort claim against the United States is forever barred unless it is filed with the federal agency within two years after the claim accrues or unless action is begun within six months of the denial of the claim by the federal agency, does not toll any state statute of limitations. *Crain v. Krehbiel*, 443 F.Supp. 202, 215 (N.D.Cal.1977). The parties have not called to this Court's attention any cases holding to the contrary.

As we heretofore stated, in the event it is determined that there is pendent party jurisdiction in connection with claims under the Federal Tort Claims Act, we would nevertheless decline to exercise the power in this case because the state statutes of

---

2. 28 U.S.C. § 2401(b); *see* 28 U.S.C. § 2675(a).

limitations appear to bar the pendent state claims. The very reason for contending that the federal courts should exercise pendent party jurisdiction in connection with claims under the Federal Tort Claims Act is not present in this case because the state claims filed against the City of Philadelphia and Mr. Aytch, while they appear to be barred in this Court, may not be barred in the state court action. Thus the argument that since it is only in the federal court that all such claims may be tried together, thereby promoting judicial economy and convenience, is not applicable in this case.

Accordingly, the Court will enter an Order granting defendants City of Philadelphia and Louis Aytch's motion to dismiss the plaintiff's claims against them.