786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNNY FUGETT, Petitioner-Appellant,
v.
RONALD C. MARSHALL, Respondent-Appellee.
 84-3694
 United States Court of Appeals, Sixth Circuit.
 2/10/86
 
 S.D.Ohio
 REVERSED AND REMANDED
 
 ORDER
 
 1
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges and CHURCHILL, District Judge.*
 
 
 2
 The petitioner appeals the order dismissing his pro se petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner is an Ohio inmate serving a 15-year to life sentence for murder. In 1982, he filed a pro se habeas petition attacking his state conviction on five grounds. The district court found two of the grounds had not been presented to the state courts and, in light of the recent Supreme Court decision in Rose v. Lundy, 455 U.S. 509 (1982), dismissed the petition in its entirety. In its order of dismissal, the district court informed the petitioner of two possible options: he could return to the state courts to present the two unexhausted grounds therein, or submit a new petition with the unexhausted grounds deleted. The dismissal was without prejudice with leave to file an amended petition within 21 days. When the petitioner did not file an amended petition, however, the district court entered a new order providing that the dismissal was 'with prejudice to a new action.'
 
 
 4
 The petitioner had chosen instead to return to the state courts to present the two unexhausted grounds therein. The trial court denied post-conviction relief and the Ohio Court of Appeals affirmed that decision in an opinion entered on July 15, 1983. The Ohio Supreme Court denied leave to appeal thereto on April 18, 1984.
 
 
 5
 The petitioner then returned to the district court to file a new habeas petition presenting the same five grounds set forth in the first petition. The district court reviewed the petition under Rule 4, Rules Governing Section 2254 Cases, and sua sponte dismissed the petition for two reasons: (1) the dismissal of the first petition had been with prejudice to the filing of another petition, and (2) the petition contained both exhausted and unexhausted grounds for relief. This timely appeal followed.
 
 
 6
 Because we conclude that neither of the reasons given by the district court bars the present petition, we reverse the district court's order of dismissal and remand the petitioner's action for further proceedings therein.
 
 
 7
 First, it is apparent that the petitioner has now exhausted available state remedies for all five grounds for relief in the present petition--a fact conceded by the respondent in his appellate brief. The present petition is therefore not a 'mixed' petition subject to dismissal under Rose v. Lundy, supra.
 
 
 8
 Second, we conclude the district court erred in holding the present action barred by the order dismissing the prior petition. The doctrine of res judicata is not applicable to habeas actions. Sanders v. United States, 373 U.S. 1 (1963). Although successive habeas petitions raising new grounds for relief may be dismissed for abuse of the writ, Rule 9(b), Rules Governing Section 2254 Cases, we conclude that such abuse is not found in cases where the petitioner, in response to the dismissal of a mixed petition, decides to return to state court before refiling the petition after exhaustion of the previously unexhausted grounds. Cf. Paprskar v. Estelle, 612 F.2d 1003 (5th Cir.), cert. denied, 449 U.S. 885 (1980). Such a procedure is envisioned by Rose v. Lundy, supra, and a contrary holding would render meaningless the two options outlined in that decision as available to petitioners having mixed petitions dismissed. This conclusion also comports with decisions holding that dismissals of actions for failure to fulfill a required precondition (here total exhaustion) are not bars to later filings of the same action after such preconditions have been fulfilled. See, e.g., Costello v. United States, 365 U.S. 265 (1961); Truvillion v. King's Daughters Hospital, 614 F.2d 520 (5th Cir. 1980); Horner v. Ferron, 362 F.2d 224 (9th Cir.), cert. denied, 385 U.S. 958 (1966); Price v. United States, 466 F.Supp. 315 (E.D. Pa. 1979). Accordingly,
 
 
 9
 It is ORDERED that the district court's judgment of August 10, 1984, dismissing the petitioner's action be and hereby is reversed and the action is hereby remanded to the district court for further proceedings therein. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation