Jewell James **WILLIAMS**, Appellant,

v.

**UNITED STATES of America; Frank Gibson, Henry A. Boney, Robert C. Dent, De Graff Austin, Robert C. Cozens, as members of the Board of Supervisors of San Diego County, State of California; Joseph C. O'Connor, Sheriff of San Diego County, State of California; County of San Diego, Appellees.**

No. 22043.

United States Court of Appeals
Ninth Circuit.
Jan. 14, 1969.

Jack A. Dahlstrum (argued), of Dahlstrum, Walton & Butts, Hollywood, Cal., for appellant.

Laurence Pillsbury (argued), of McInnis, Focht & Fitzgerald, San Diego, Cal.. for appellees.

Edwin L. Weisl, Jr., Asst. Atty. Gen., John C. Eldridge, Robert V. Zener, Dept. of Justice, Washington, D. C., Edwin L. Miller, U. S. Atty., Bertram McLees, Jr., County Counsel of San Diego County, Lloyd M. Harmon, Jr., Deputy County Counsel, San Diego, Cal., amicus curiae for appellees.

Before BARNES and ELY, Circuit Judges, and FERGUSON,* District Judge.

BARNES, Circuit Judge:

On May 16, 1966, appellant, Jewell James Williams, filed a "First Amended Complaint" against the United States of America, five named individuals—as members of the Board of Supervisors of San Diego County, the sheriff of San Diego County, and the County of San Diego. Said complaint prayed for damages on account of injuries suffered by appellant while a federal prisoner housed in the San Diego County Jail under the terms of a contract between the County and the United States, said contract having been authorized by the provisions of 18 U.S.C. § 4002. The complaint stated that the district court had jurisdiction under 28 U.S.C. § 1346, the provision waiving sovereign immunity in connec-

---

* Hon. Warren J. Ferguson, United States District Judge, Los Angeles, California, sitting by designation.

tion with suits against the United States, and also by reason of 28 U.S.C. Chapter 171, the Federal Tort Claims Act. In a separate paragraph it was alleged that all the named defendants owed plaintiff a duty under 18 U.S.C. § 4042, which section defines the duties of the Bureau of Prisons, and that each of the defendants negligently performed this duty.

Counsel for all named defendants other than the United States moved to dismiss the action on the grounds that the complaint failed to state a claim upon which relief could be granted and that the court lacked jurisdiction of these defendants. (The United States also filed a motion to dismiss, but the district court's action regarding that motion is not now before us.) On December 9, 1966, the district court granted the motion for dismissal as to all defendants except the United States, and ordered that a final judgment be entered in favor of said defendants. The reasons for the dismissal, as stated in that order and in a supplement to that order, dated January 9, 1967, were that there is no diversity, as is required for a court to have jurisdiction over the claims against individual defendants joined in a Federal Tort Claims action, and that the complaint failed to allege the filing of a claim with the County or State pursuant to the provisions of the California Government Code, which makes the filing of such a claim a condition precedent to the right to maintain a tort action against a public entity. Our review concerns the correctness of that judgment, and we have jurisdiction under 28 U.S.C. § 1291.

An initial question raised by counsel for appellees is whether San Diego County is a party to this action. The arguments made to show that the County is not a party are (1) that the County was not intentionally named as a defendant in the complaint but, rather, "merely referred to somewhat redundantly in description of the Sheriff in the caption of the complaint," and (2) that appellant's opening brief in this court omitted the County from the list of defendants named in the statement of facts. These arguments are unpersuasive. The block capitalization of "County of San Diego" in the caption of the complaint would seem to designate the County as a defendant, despite the absence of a semicolon preceding its name. The fact that counsel for appellees filed documents in the district court specifically on behalf of the County as well as the nongovernmental defendants would indicate that counsel regarded the County as a party. Moreover, in view of our decision infra, no prejudice to the County can result from its being included as a party.

In the court below, appellant maintained that assuming an independent basis of jurisdiction was necessary as to defendants Board of Supervisors, Sheriff and County, such basis existed in that there was diversity of citizenship, appellant being a resident of Missouri as of the commencement of the action. The district court ruled that appellant could not be a citizen of Missouri by virtue of the fact that he was there only because confined in prison, and that therefore there was no diversity. This ruling is not here challenged and on this appeal appellant does not contend there was diversity.

Instead, appellant claims that there was "federal question jurisdiction" as to these appellees. He offers two alternative theories. First, he asserts that the Sheriff and Supervisors, as *federal* employees, breached their duty to him under 18 U.S.C. § 4042, and therefore, are liable under federal law. Second, he asserts that if these appellees are not federal employees, then, as *state* employees they breached their duty to him under 18 U.S.C. § 4042, and are liable according to the tort law of California.

No matter which theory is relied upon, the specific allegation in appellant's complaint regarding jurisdiction is inadequate insofar as these appellees are concerned. The provision appellant relies upon (28 U.S.C. § 1346) establishes jurisdiction only over certain suits *against the United States;* it does not permit the joinder of other parties.

However, appellant argues that jurisdiction over the other appellees

arises because this is a civil action based directly on 18 U.S.C. § 4042, "Duties of Bureau of Prisons." If facts giving the court jurisdiction are set forth in the complaint, the provision conferring jurisdiction need not be specifically pleaded. Schwarz v. United States, 191 F.2d 618 (4th Cir. 1951).

■■■ However, in the present case we find that no facts have been set forth which would cause us to conclude that jurisdiction arose under § 4042. That section provides that the Bureau of Prisons, under the direction of the Attorney General, shall provide for the safekeeping and protection of all persons charged with or convicted of offenses against the United States. It does not impose a duty on any officials who may be responsible to the Bureau of Prisons, and does not establish a civil cause of action against anyone in the event the Bureau's duty is breached. In other cases, the courts have made it clear that if the duty imposed by § 4042 is breached, the prisoner's remedy is an action against the United States, under the Federal Tort Claims Act. United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); Cohen v. United States, 252 F.Supp. 679 (N.D.Ga.1966). Thus, if we adopt appellant's theory that the appellees herein were acting as federal employees, they cannot be held to answer in the present case. His sole right of action is against the United States.

■■ When we consider appellant's second theory (that appellees were acting as state employees), our conclusion is similar. As stated above, the provisions of § 4042 are applicable only to the Bureau of Prisons and the Attorney General. They cannot be construed to create a cause of action against the present appellees, or confer jurisdiction over them.

■■ Hence, whether we regard appellees as federal or state employees, and even if we assume that a duty owed to appellant under § 4042 has been breached, we must conclude that the complaint in the present case failed to state a cause of action against appellees upon which a

federal court could grant relief. There being no federal question raised, other than the question of jurisdiction which was answered in the negative, and no diversity, we must conclude that the claim against appellees was not properly before the court. This court has repeatedly held that in order for a claim against other parties to be joined properly with a claim against the United States under the Federal Tort Claims Act, an independent ground of jurisdiction must exist, and that the theory of pendent jurisdiction is not sufficient. Sykes v. United States, 290 F.2d 555, 556 (9th Cir. 1961); Pacific Freight Lines v. United States, 239 F.2d 191, 195 (9th Cir. 1956); United States v. Dooley, 231 F.2d 423, 424 (9th Cir. 1955); Benbow v. Wolf, 217 F.2d 203, 205 (9th Cir. 1954).

In keeping with the principles outlined above, other courts have held that where a municipal agency is acting on behalf of the federal government a federal court has no jurisdiction over the agency in a suit against the federal government premised upon the Federal Tort Claims Act (Schetter v. Housing Authority of the City of Erie, 132 F.Supp. 149, 153 (W.D.Pa.1955)), and that where a federal prisoner is allegedly mistreated by a hospital physician while in the custody of a federal marshall, the prisoner-plaintiff cannot join the hospital in his suit against the United States (Spears v. United States, 266 F.Supp. 22, 28 (S.D. W.Va.1967)).

It has also been held that the fact that a contractor with the Government may have breached a duty imposed on the contractor by the federal government does not necessarily give the person injured by such breach a federal cause of action against the contractor. Farkas v. Texas Instrument, Inc., 375 F.2d 629 (5th Cir. 1967). Thus, it is not enough for appellant here to allege that there has been a violation of 18 U.S.C. § 4042. He must also show that a federal cause of action was created by the statute, conferring federal question jurisdiction on the federal courts. The fact that the federal statute may supply a standard rele-

vant to a determination of whether the Sheriff and the Supervisors were negligent under state law does not mean that by the provisions of § 4042 Congress intended to confer on federal prisoners a federal right to sue individual employees or contractors for negligence.

In his opening brief, appellant also argues that the federal court has jurisdiction to decide the negligence of the Supervisors and Sheriff on state grounds, according to the principle of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). That case held that where there are two distinct grounds in support of a single cause of action, *and where the federal court has acquired jurisdiction by virtue of a substantial federal question raised in the complaint*, the court may decide not only the federal question but also the local questions involved, even though the federal ground is not established. We do not find that this principle supports appellant's position. The trial court in Hurn acquired jurisdiction and dismissed the federal claim on the *merits;* in our case, the court below did not acquire jurisdiction and dismissed the claim in question for *procedural* reasons. Where *jurisdiction is not established by reason of a substantial federal ingredient, a court may not proceed to dispose of the non-federal facets of a case.* Fidelity & Deposit Co. of Md. v. Harris, 360 F.2d 402 (9th Cir. 1966); Murphy v. Kodz, 351 F.2d 163 (9th Cir. 1965); O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964).

Our decision that the court below correctly refused to determine the appellees' liability according to state law *is required by the decision of the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). It was therein stated that federal courts should avoid needless decisions of state law, and that if federal claims are dismissed before trial (as in the present case), the state claims should be dismissed as well.

Because of these conclusions, we need not decide at this time whether appellees were federal employees or independent contractors, for in neither case can appellant state a federal cause of action against them. In addition, for reasons also indicated above, we need not decide the validity of appellant's claim under state law. That action, if possible at this time, properly belongs in the state court.

In light of our decision that the district court had no jurisdiction to entertain appellant's claim as one arising under state law, we express no opinion as to the validity of the court's dismissal of the claim on the ground that the complaint failed to allege the filing of a claim with the County or State, as provided for in the California Government Code, and therefore need not decide whether the California claims procedure is applicable in federal courts.

For the reasons discussed herein, the judgment of the district court dismissing the action as to the present appellees is

Affirmed.