550 F.2d 1196
 Pedro AYALA et al., Plaintiffs-Appellants,
v.
UNITED STATES of America et al., Defendants-Appellees.
NATIONAL AMERICAN INSURANCE COMPANY OF OMAHA et al.,
Plaintiffs-Appellants,
v.
UNITED STATES of America et al., Defendants-Appellees.
ALLSTATE INSURANCE COMPANY et al., Plaintiffs-Appellants,
v.
UNITED STATES of America et al., Defendants-Appellees.
PEOPLE OF the STATE OF CALIFORNIA, Plaintiff-Appellant,
v.
UNITED STATES of America et al., Defendants-Appellees.
SENTRY INSURANCE COMPANY, Plaintiff-Appellant,
v.
UNITED STATES of America et al., Defendants-Appellees.
TRANSAMERICA INSURANCE GROUP, Plaintiff-Appellant,
v.
UNITED STATES of America et al., Defendants-Appellees.
The AMERICAN STAR INSURANCE COMPANY et al., Plaintiffs-Appellants,
v.
UNITED STATES of America et al., Defendants-Appellees.
SEQUOIA INSURANCE COMPANY et al., Plaintiffs-Appellants,
v.
UNITED STATES of America et al., Defendants-Appellees.
MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
UNITED STATES of America et al., Defendants-Appellees.
VANGUARD INSURANCE COMPANY et al., Plaintiffs-Appellants,
v.
UNITED STATES of America et al., Defendants-Appellees.
AMERICAN HOME ASSURANCE CO. et al., Plaintiffs-Appellants,
v.
UNITED STATES of America et al., Defendants-Appellees.
 No. 76-1899.
 United States Court of Appeals,
Ninth Circuit.
 March 28, 1977.
 
 Gerald J. Adler, argued, Crow, Lytle & Gilwee, Lloyd Hinkelman, argued, Kronick, Moskovits, Tiedemann & Girard, Sacramento, Cal., for plaintiffs-appellants.
 James Brown, argued, Sacramento, Cal., for defendants-appellees.
 John L. Rogers, III, argued, Hopkins, Sutter, Mulroy, Davis & Cromartie, Chicago, Ill., for amicus to support appellees.
 On Appeal from the United States District Court for the Eastern District of California.
 Before WRIGHT, KILKENNY, and CHOY, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 The State of California, 28 individuals, and 45 insurance companies appeal from the district court's dismissal of claims against appellee Pullman, Inc. for lack of subject matter jurisdiction. We affirm in part, vacate in part, and remand for further proceedings.
 
 Background and Proceedings Below
 
 2
 This is a joint appeal in 11 of over 100 actions consolidated for pretrial purposes in the United States District Court for the Eastern District of California by order of the Judicial Panel on Multidistrict Litigation, MDL No. 207. All of these actions for recovery of damages arise out of the April 28, 1973 explosion of bomb-laden boxcars at a Southern Pacific Transportation Company (Southern Pacific) railway yard in Roseville, California. Both the boxcars and tritonal-filled bombs were the property of the United States and were being hauled by Southern Pacific from Hawthorne, Nevada to Port Chicago, California under a contract with the Department of the Navy.
 
 
 3
 Appellants' jurisdictional basis for suit against the United States is the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., and 28 U.S.C. § 1346(b). Several appellants sought to name the manufacturer of the boxcars, Pullman, Inc. (Pullman), as an additional defendant. Some of these appellants based jurisdiction against Pullman on diversity of citizenship, 28 U.S.C. § 1332. Others, however, unable to meet the requirements of the diversity statute either because they were nondiverse as to Pullman or because their claims were under the $10,000 jurisdictional limit, or both, sought to base jurisdiction against Pullman on theories of "pendent party" jurisdiction.
 
 
 4
 The district court ruled that this circuit did not recognize pendent party jurisdiction, and it dismissed the claims against Pullman under Federal Rule of Civil Procedure 12(b)(1). Subsequent to Pullman's dismissal, appellants sought leave to amend their complaints to add new jurisdictional grounds against it. Prior to the date set for closing briefs on the matter, however, appellants filed their notice of appeal to this court. The district court reasoned that it was thus divested of jurisdiction over the appealing plaintiffs, "dismissed" their motions to file amendments, and directed appellants to address prayers for leave to amend to this court. Appellate jurisdiction rests on Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1291.
 
 
 5
 Appellants seek recognition of the pendent party jurisdiction doctrine in this circuit. Arguing for the continued rejection of pendent party theory are Pullman as appellee and Amsted Industries as amicus curiae.[1]
 
 Discussion
 A. Pendent Jurisdiction Theory
 
 6
 In the simple "pendent claim " context, a plaintiff seeks to have a federal court hear a state claim (the pendent claim) which shares a "common nucleus of operative fact" with a federal question action (the anchoring claim) between the same parties. United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The court has subject matter jurisdiction under either the general federal question grant of 28 U.S.C. § 1331, or a more specific grant, such as that of 28 U.S.C. § 1346(b) involved here.[2]
 
 
 7
 The instant case presents the "pendent party " variant which, in addition to involving a state claim which is appended to the action that provides the anchoring source of federal jurisdiction, requires for its resolution the joinder of an ancillary party. Two distinct theories are offered here by appellants for the extension of the pendent claim theory to provide pendent party jurisdiction over their claims against Pullman. The principal theory involves the joinder of Pullman as a pendent party-defendant allegedly jointly and severally liable with the United States. Under this theory, each plaintiff's state claim is said to be pendent to that plaintiff's own FTCA federal question action against the United States.
 
 
 8
 Appellants also offer a second theory, however, under which they themselves are regarded as pendent party-plaintiffs. Appellants reason that, if other plaintiffs can satisfy diversity jurisdiction as to Pullman, plaintiffs who fail to meet diversity requirements can append their claims and themselves to those other diversity actions.[3] This would allow nondiverse plaintiffs to sue Pullman, who would already be in federal court as a defendant in at least one diversity action. Under either of appellants' theories, the ultimate result is the resolution of all claims in one federal trial.
 
 B. Decisional Precedent
 This circuit has held that
 
 9
 in order for a claim against other parties to be joined properly with a claim against the United States under the Federal Tort Claims Act, an independent ground of jurisdiction must exist, and that the theory of pendent jurisdiction is not sufficient.
 
 
 10
 Williams v. United States, 405 F.2d 951, 954 (9th Cir. 1969). Perhaps our broadest rejection of pendent party jurisdiction is found in Hymer v. Chai, 407 F.2d 136 (9th Cir. 1969), decided a month after Williams and without citation to it.[4] While recognizing that(p)endent jurisdiction was devised to avoid the waste and inefficiency resulting from fragmenting a single action and dividing the pieces into separate proceedings before the state and federal courts and to encourage a party who had a claim presenting a substantial federal question, mixed with a nonfederal claim, to take his bundle of claims to the federal court(,)
 
 
 11
 id. at 137 (footnote omitted), we nevertheless held that
 
 
 12
 (j)oinder of claims, not joinder of parties, is the object of the doctrine. It was not designed to permit a party without a federally cognizable claim to invoke federal jurisdiction by joining a different party plaintiff asserting an independent federal claim growing out of the same operative facts.
 
 
 13
 Id. at 137.
 
 
 14
 In two cases subsequent to Williams and Hymer, we again rejected pendent party jurisdictional theory, and each time our decision was affirmed by the Supreme Court on an alternative ground. Aldinger v. Howard, 513 F.2d 1257 (9th Cir. 1975), aff'd, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972) (expressly reaffirming the broad rule of Hymer ), aff'd sub nom. Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).
 
 
 15
 Appellants argue, however, that the Supreme Court's mode of analysis in affirming Aldinger encourages re-examination of Williams and Hymer. The Court briefly stated its approach:
 
 
 16
 In short, as against a plaintiff's claim of additional power over a "pendent party," the reach of the statute conferring jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power has been extended by Congress.
 
 
 17
 Resolution of a claim of pendent party jurisdiction, therefore, calls for careful attention to the relevant statutory language.
 
 
 18
 427 U.S. at 17, 96 S.Ct. at 2421 (emphasis in original). It found a "congressional disinclination" to extend pendent party jurisdiction over a political subdivision under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3). The Court reserved opinion with respect to other parties and other jurisdictional grants:
 
 
 19
 There are, of course, many variations in the language which Congress has employed to confer jurisdiction upon the federal courts, and we decide here only the issue of so-called "pendent party" jurisdiction with respect to a claim brought under § 1343(3) and § 1983. Other statutory grants and other alignments of parties and claims might call for a different result.
 
 
 20
 427 U.S. at 18, 96 S.Ct. at 2422.
 
 
 21
 Appellants contend that the Williams court failed to undertake the Aldinger "methodology" of careful statutory analysis, arguing that our conclusion in Williams that 28 U.S.C. § 1346 "establishes jurisdiction only over suits against the United States (, and that) it does not permit the joinder of parties," 405 F.2d at 953 (emphasis in original), was without reasoned justification. They assert that Aldinger calls for more than congressional silence before a court can properly conclude that pendent party jurisdiction has been foreclosed; analysis must isolate an express or implied legislative "disinclination".
 
 
 22
 Appellants fail to account, however, for the further admonishment in Aldinger that, even assuming no congressional disinclination to the exercise of pendent party jurisdiction can be found under a given statute, there remains the constitutional hurdle of the limited federal jurisdictional grant of Article III to be leaped:
 
 
 23
 Before it can be concluded that (pendent party) jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.
 
 
 24
 427 U.S. at 18, 96 S.Ct. at 2422. It should be emphasized that, putting to one side the potential statutory analysis underlying our decision in Williams, it is clear that Hymer's rejection of pendent party theory was not based on a ferreted congressional disinclination, but rather rested on a more fundamental constitutional consideration.
 
 
 25
 The Supreme Court's affirmance in Aldinger, grounded as it was on a congressional disinclination to allowing pendent party jurisdiction,[5] may thus be read merely as another avoidance of the ultimate question of constitutional power left unanswered by the Court in Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), aff'g Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972). In Moor, we had rejected a pendent party theory of federal jurisdiction to hear a suit against the County of Alameda, California bottomed on state law. We also held that, even assuming pendent party jurisdiction were a viable theory, the district court did not abuse its discretion in declining to hear the pendent claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("pendent jurisdiction is a doctrine of discretion, not of plaintiff's right").
 
 
 26
 The Supreme Court's affirmance failed to reach the constitutional issue, but rather focussed on the district court's discretionary dismissal.[6] It noted that, "(w)hether there exists judicial power to hear the state law claims against the County is, in short, a subtle and complex question with far-reaching implications" and considered the issue inappropriate for resolution at that time. 411 U.S. at 715, 93 S.Ct. at 1799.
 
 
 27
 Appellants also point to dictum in the Supreme Court's Aldinger opinion as providing a basis upon which to re-evaluate our rejection in Williams of pendent party jurisdiction under the FTCA:
 
 
 28
 When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that only in a federal court may all of the claims be tried together. 13
 
 
 29
 427 U.S. at 18, 96 S.Ct. at 2422 (emphasis in original).[7] Appellants seize upon this language and urge that by the terms of this argument and by the Court's use of the FTCA as an exemplary exclusive grant the Court approved pendent party jurisdiction in the present context.
 
 
 30
 We concluded in Aldinger that this court was not bound by Supreme Court dictum in Moor with respect both to the trend toward hearing pendent claims involving additional parties and to expanded concepts of ancillary jurisdiction in the Federal Rules of Civil Procedure. See 513 F.2d at 1260, citing Moor, 411 U.S. at 713-15, 93 S.Ct. 1785. Similarly, we conclude here that we are not bound by new dictum in Aldinger which, in any event, merely suggests that "(o)ther statutory grants and other alignments of parties and claims might call for a different result." 427 U.S. at 18, 96 S.Ct. at 2422 (emphasis added).
 
 
 31
 In view of Aldinger's clear teaching that both constitutional power and lack of congressional disinclination are prerequisite to the exercise of pendent party jurisdiction, and until the Supreme Court directly confronts the "subtle and complex question with far-reaching implications" posed by pendent party jurisdiction, Moor, 411 U.S. at 715, 93 S.Ct. at 1799, we reaffirm Williams and Hymer.[8]C. Amendment of Jurisdictional Grounds
 
 
 32
 The final issue is whether, upon remand, appellants should be allowed leave to amend their complaints to add possible new federal jurisdictional grounds against Pullman. Appellee and amicus have not shown that prejudice would result from such leave, and since the district court evidently held only that the taking of this immediate appeal from the dismissal of claims deprived it of the jurisdiction to entertain motions to amend, the district court should be given the opportunity to rule on the motions.[9] The district court's dismissal of appellants' motion for leave to amend is vacated.
 
 Conclusion
 
 33
 Affirmed in part, Vacated in part, and Remanded for further proceedings consistent herewith.
 
 
 
 [1]
 An Amsted Industries subsidiary was apparently involved in the manufacturing of wheels used by Pullman
 
 
 [2]
 In the pendent claim context, the anchoring claim is not one based on diversity, for if it were, the diversity of the only two litigants involved would itself support federal jurisdiction to hear any state claims
 
 
 [3]
 Under pendent party theory, a diversity anchor claim is possible. Where a party as well as a state claim is being appended, diversity between the two original parties is not alone sufficient to support the state action because the requirement of complete diversity is destroyed by the addition of a new, nondiverse party. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Pendent party theory is thus needed to overcome the absence of complete diversity
 
 
 [4]
 The sweep of Hymer's rejection of pendent party theory is made especially clear since it involved the "inviting" circumstances for the theory's application subsequently enumerated in Aldinger v. Howard, 513 F.2d 1257 (9th Cir. 1975), aff'd, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976): (1) A pendent party-plaintiff was suing a defendant already properly in federal court; (2) the anchor claim was grounded on diversity so that state law and only state law was to be applied; (3) the body of state law to be applied was well-settled; and (4) the suit was prosecuted by members of the same family for claims arising from a single accident. See 513 F.2d at 1261-62. Moreover, in Hymer the only formal jurisdictional defect to be avoided by application of the theory was the pendent party-plaintiff's failure to allege a claim over the $10,000 jurisdictional limit of 28 U.S.C. § 1332
 
 
 [5]
 The impact of a congressional disinclination to pendent party jurisdiction was only an additional factor in our Aldinger analysis, though it was held to be conclusive on the question by the Court. Compare 513 F.2d at 1261 with 427 U.S. at 16-18, 96 S.Ct. 2413
 
 
 [6]
 In the instant case, the district judge has ruled that, should this court approve pendent party jurisdiction, he would exercise his discretion in favor of it
 
 
 [7]
 The Court's footnote 13 reads as follows:
 See, e. g., Hipp v. United States, 313 F.Supp. 1152 (EDNY1970). Contra, Williams v. United States, 405 F.2d 951 (CA9, 1969).
 
 
 [8]
 As we noted in our Aldinger opinion, we are cognizant of the acceptance of pendent party jurisdiction by other courts. The erosion of support for our position marked by the Sixth Circuit's rejection of the Hymer rationale in F. C. Stiles Contracting Co. v. Home Ins. Co., 431 F.2d 917, 919-20 (6th Cir. 1970), noted in Aldinger, 513 F.2d at 1261 n. 2, has, however, recently been offset by the decision in Fawvor v. Texaco, Inc., 546 F.2d 636 (5th Cir. 1977). In Fawvor, the Fifth Circuit held that, where a federal court's jurisdiction is grounded on diversity, it cannot entertain a state law claim asserted by a single plaintiff against a nondiverse third-party defendant, even where that defendant was already impleaded and before the court under Fed.R.Civ.P. 14
 We have chosen to reaffirm Williams and Hymer rather than to accept appellee's additional argument that the instant action involves no "substantial federal question." As we read the "substantiality" requirement of the pendent claim test under Gibbs, 383 U.S. at 725, 86 S.Ct. 1130, the issue is not whether the anchor claim is one turning on a significant question of federal law, but rather whether the anchor claim is nonfrivolous, thus insuring that it is not being used as a subterfuge to get into federal court on the state cause of action and that the "common nucleus of operative fact" will in fact be developed to further judicial efficiency. The issue is not the federal question nature of the claim, but rather the existence of a federal anchor be it federal question or diversity for subject matter jurisdiction. See note 3 supra.
 Thus, while we agree with the thrust of the Fifth Circuit's holding in Fawvor that the Supreme Court in Aldinger offered no new rule for pendent party jurisdiction in diversity cases, we disagree with the Fawvor court's indication that in the pendent party context a diversity jurisdictional anchor is somehow more suspect than a federal question one. Fawvor at 640-41. As we noted in dictum in Aldinger, as a practical matter, the converse is probably true. See 513 F.2d at 1261; note 4 supra. As we discussed above, however, our difficulty with pendent party jurisdiction is a constitutional one under Article III.
 
 
 [9]
 We note, however, that even where amendment is not a matter of right, "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). See Scott v. Eversole Mortuary, 522 F.2d 1110, 1116 (9th Cir. 1975). See generally 3 J. Moore, Moore's Federal Practice P 15.10 (2d ed. 1976)