Steve A. **KATTNER**

v.

**UNITED STATES of America et al.**

Annabeth **IRWIN et al.**

v.

**UNITED STATES of America et al.**

Civ. A. Nos. B-83-1077-CA, B-83-1078-CA.

United States District Court, E.D. Texas, Beaumont Division.

April 12, 1984.

Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, Tex., for plaintiffs.

O.J. Weber, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendant Upshur.

Robert Wortham, U.S. Atty., Beaumont, Tex., for defendant United States.

## MEMORANDUM ORDER

JOE J. FISHER, District Judge.

These related cases, hereby consolidated for resolution of pretrial matters, involve the death of Plaintiff Irwin's decedent and the injury of Plaintiff Kattner upon the Lake O' the Pines in east Texas on December 21, 1982. G. Brockett Irwin was electrocuted aboard his sailboat when the mast conducted electricity from high voltage lines above the lake. Mr. Kattner was injured then, as well.

The Plaintiffs, both Texans, sued the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 *et seq.*, asserting jurisdiction pursuant to 28 U.S.C.A. § 1346. Plaintiffs sued South Coast Seacraft Corp. under theories of products liability, relying on diversity jurisdiction, 28 U.S.C.A. § 1332. Upshur Rural Electric Co-op (Upshur), a Texas corporation sued for negligence, is, Plaintiffs claim, subject to the court's jurisdiction as a "pendent party." The United States thereafter filed a cross-claim against Upshur, seeking indemnity pursuant to an "Easement for Right of Way" granted in November 1982 by the U.S. Army Corps of Engineers.

Upshur seeks dismissal of Plaintiffs' claims for lack of subject matter jurisdiction, arguing that it is neither a pendent party nor subject to pendent jurisdiction. Upshur insists that Plaintiffs improperly seek to expand the court's diversity jurisdiction to include it, a non-diverse party.

Pendent jurisdiction is that construct by which jurisdiction of a federal element in a case carries with it jurisdiction of another element in the complaint that would not be independently within federal jurisdiction. 13 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure sec. 3567 at 440 (Supp.1983). The Court defined the power of a federal court to hear pendent claims in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Court also explained the reasons for a trial court, in its discretion, to exercise such jurisdiction.

Pendent jurisdiction requires: (1) a federal claim with substance sufficient to confer subject matter jurisdiction on the court (2) which derives from a nucleus of operative fact common with the state-law claim; and (3) that the relationship of the

claims is such that the entire action before the court comprises but one Constitutional case. That is, "if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138 (emphasis in original).

■ The evolving concept of "pendent parties" —— "a wholly unexpected consequence of Gibbs" —— provides that federal jurisdiction of a claim against *one* party carries with it pendent jurisdiction of a closely related state claim against *another* party. 13 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure, sec. 3567 at 459. (Supp.1983) See *Connecticutt Gen. Life Insur. Co. v. Craton*, 405 F.2d 41 (5th Cir.1968).

Extending federal jurisdiction to claims against parties as to whom no *independent* basis of jurisdiction exists is not without precedent. For example, the joinder of new parties under ancillary jurisdiction, as in compulsory counterclaims under Rule 13 or in third-party claims under Rule 14, is analogous to pendent party joinder. See *Moor v. County of Alameda*, 411 U.S. 693, 714, 93 S.Ct. 1785, 1798, 36 L.Ed.2d 596 (1972). Moreover, "in a variety of contexts th[e] Court and the lower courts have concluded that Article III poses no obstacle to the legislative extension of federal jurisdiction, founded on diversity, so long as any two adverse parties are not co-citizens." *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531, 87 S.Ct. 1199, 1204, 18 L.Ed.2d 270 (1967).

Plaintiffs do not here rely on the legislative extension of diversity jurisdiction, but argue instead for the judicial extension of jurisdiction based on *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Ironically, Upshur contests jurisdiction by relying on the same case as its primary authority.

Relying on the rationale of *Gibbs*, the Court in *Aldinger* expressly held

that where the asserted basis of federal jurisdiction over a municipal corporation is not diversity of citizenship, but is a claim of jurisdiction pendent to a suit brought against a municipal officer within [28 U.S.C.] 1343, the refusal of Congress to authorize suits against municipal corporations under the cognate provisions of sec. 1983 is sufficient to defeat the asserted claim of pendent-party jurisdiction.

*Id.*, 427 U.S. at 17–18, n. 12, 96 S.Ct. at 2422, n. 12.

The Court found two observations sufficient to dispose of "the type of case" before it.

[1] If the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state-law claim. [2] Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Article III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

*Id.*, 427 U.S. at 18, 96 S.Ct. at 2422.

Dictum in *Aldinger* suggested the impropriety of joining a different defendant under a purely state-law claim based on the presence of another defendant under a federal claim simply because both claims "derive from a common nucleus of operative fact." *Id.*, 427 U.S. at 11, 96 S.Ct. at 2419, quoting *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. The Court explained, however, that some statutory grants of jurisdiction and alignments of parties and claims "might call for a different result." By way of illustration, the Court mentioned the prosecution of tort claims against the United States under 28 U.S.C. § 1346 —— with its exclusive grant of jurisdiction to a federal court —— where *only* in a federal court may all of the claims be tried together." *Aldinger*, 427 U.S. at 18, 96 S.Ct. at 2422 (emphasis in original, footnote omitted).

The Plaintiffs cite *Ortiz v. United States Government*, 595 F.2d 65 (1st Cir.1979) as authority for allowing the plaintiff in a federal tort claim action to bring against the third-party defendant a purely state-law claim. Upshur offers *Idaho v. Corps of Engineers*, 666 F.2d 444 (9th Cir.1982); *Ayala v. United States*, 550 F.2d 1196 (9th Cir.1977), and *Williams v. United States*, 405 F.2d 951 (9th Cir.1969) as directly contradictory authority. Apparently, no decisions of this Circuit discuss the type of situation before the court. The Court of Appeals for the Fifth Circuit cited *Ortiz*, however, without disapproval in *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1042 (5th Cir.1982) (third-party claim with no independent grounds of jurisdiction properly appended to admiralty suit) and in *Arango v. Guzman Travel Advisors*, 621 F.2d 1371, 1377 (5th Cir.1980) (removal by a foreign sovereign gave federal court jurisdiction over all parties to suit).

Upshur further supports its argument for dismissal with *Fawvor v. Texaco, Inc.*, 546 F.2d 636 (5th Cir.1977) (no pendent jurisdiction absent some question of federal law in either original or third-party action) and *Birmingham Fire Insur. Co. v. Winegardner & Hammons*, 714 F.2d 548 (5th Cir.1983) (no pendent jurisdiction to support impleader of non-diverse party in diversity action).

The court faces an interesting problem: the parties cite *Aldinger* for contradictory propositions, the cases on point are contradictory and from outside this Circuit, while the Fifth Circuit opinions cited miss the mark.

Upshur claims, and the court agrees, that *Aldinger* poses the greatest obstacle to pendent jurisdiction over Upshur. *Aldinger* dealt with "whether the doctrine of pendent jurisdiction extends to confer jurisdiction over a party as to whom no independent basis of federal jurisdiction exists." *Id.*, 427 U.S. at 2–3, 96 S.Ct. at 2415. By naming Upshur in their original complaints, Plaintiffs assumed the answer to be yes. But the Court in *Aldinger* answered the question no. The Court did so because

Congress had *excluded* counties from liability in the underlying statute (there, 42 U.S.C. § 1983). The Court reasoned that,

> as against a plaintiff's claim of *additional* power over a "pendent party," the reach of the statute conferring jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power *has* been extended by Congress.

*Id.*, 427 U.S. at 17, 96 S.Ct. at 2421.

The pertinent statute conferring jurisdiction on this court, 28 U.S.C.A. § 1346(b), creates exclusive jurisdiction in the district courts of civil actions against the United States for injury to life or property caused by the negligence of a government employee "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

■ The ostensible underlying cause of action "as to which judicial power has been extended by Congress" provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances ..." 28 U.S.C.A. § 2674. In reality, however, the Federal Tort Claims Act, 28 U.S.C.A. § 2671 *et seq.*, does not create a cause of action but merely waives the immunity of the United States as to certain *respondeat superior* state-law claims.

■ The scope of the cause of action is defined, subject to the exceptions of 28 U.S.C.A. § 2680, by the tort law "of the place where the act or omission occurred." The Plaintiffs' cause of action is entirely a state-law claim, notwithstanding its joinder of the United States. Moreover, the Plaintiffs are compelled to bring this action in the district "where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C.A. § 1402(b).

Given that the "scope of the cause of action" is Texas tort law, the court perceives no problem in construing "the reach of the statute conferring jurisdiction" to

embrace another Texan. Indubitably, the Texas legislature did not exclude parties such as Upshur from liability for wrongful death or injury caused by its negligence. There is, therefore, no statutory basis here to defeat the asserted claim of pendent party jurisdiction as there was in *Aldinger*.

Moreover, there is independent federal jurisdiction over Upshur by virtue of the cross-claims of the United States against it. Although originally Upshur may have been "not otherwise subject to federal jurisdiction," the claim of the United States against it entails ample federal jurisdiction over its person. 28 U.S.C.A. § 1345. Inasmuch as the entire case consists of state-law claims, the court finds no fault in requiring a party otherwise properly before the court — for indemnity as to a state-law claim — to litigate the same state-law claim directly with the primary plaintiffs.

Upshur might reasonably argue that it was not joined as a third-party defendant by the United States, as well it could have been, but was named in the original complaint as a primary defendant — when no federal jurisdiction over it existed. That argument is not without merit. But the court believes that such jurisdictional defect as may have existed at the outset was cured when the United States filed its claims against Upshur. In either event, were the court to dismiss Upshur from the original complaint, transforming it into a third-party defendant *vis a vis* the United States, the Plaintiffs could simply reassert their claim against Upshur as a party already before the court under a substantial federal claim entailing state law.

The court conceives of another posture in which the actions could have reached the court wherein jurisdiction over Upshur would be proper. Had Plaintiffs filed their original complaint in state court, the entire action might have been removed to the district court pursuant to 28 U.S.C.A. § 2679(d). *Arango*, 621 F.2d at 1376; 14 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure, sec. 3727 at 693 (Supp.1983). See *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152 (5th Cir. 1982) (affirming removal of entire case under 28 U.S.C.A. § 1442(a)(1)). To the extent that pendent jurisdiction is proper in a removal context, it arguably is so when the action originates in the federal court.

The court further observes that these cases may be such "situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." *Gibbs*, 383 U.S. at 727, 86 S.Ct. at 1139. The federal interest in providing for safe public recreation, including boating, in Corps lakes, see 16 U.S.C.A. § 460d, is closely tied to this State's interest in protecting its citizens from the harmful consequences of negligent acts.

Finally, the court finds significant the fact that the Plaintiffs were required by law to bring their state-law tort claim against the United States in the federal court in the district wherein they reside. Their situation is unlike those in *Birmingham* and *Owen Equipment* wherein "the plaintiff ... 'voluntarily chose to bring suit upon a state-law claim in federal court.'" *Birmingham*, 714 F.2d at 553, quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978).

Perhaps the Plaintiffs do effectively circumvent the diversity requirement of 28 U.S.C.A. § 1332(a)(1) via pendent jurisdiction. They do so, however, by way of the undisputed federal jurisdiction over Upshur in the United States' complaints, and not upon the coattails of diversity jurisdiction over South Coast Seacraft. Plaintiffs *must* pursue their state-law claim against the United States in this forum. The United States chose to make Upshur defend the government's state-law claim in this forum, as Plaintiffs chose to do with South Coast Seacraft. All the parties are properly before the federal court under statutory grants of jurisdiction. The Plaintiffs simply seek to litigate the remainder of their dispute — a segment of the state-law case within the subject matter jurisdiction of the court — in the same proceeding.

It is the opinion of the court that under these circumstances, pendent jurisdiction supports the Plaintiffs' state-law claims against Upshur. Moreover, the court believes that "considerations of judicial economy, convenience, and fairness to the litigants," *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139, compel the invocation of the doctrine here. It is significant that *"only* in a federal court may all of the claims be tried together." *Aldinger*, 427 U.S. at 18, 96 S.Ct. at 2422 (emphasis in original, footnote omitted). The court declines, therefore, to require both Plaintiffs and Upshur to bear the unnecessary added expense and inconvenience of a second, largely duplicative trial in state court. Accordingly, it is

ORDERED, ADJUDGED, and DE-CREED that the Motions to Dismiss of Upshur be and are hereby in all things DENIED.