978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BURNS INTERNATIONAL, INC.; W.I.O. Inc.; Robert Burns; and
Paige Burns, Plaintiffs-Appellants,
v.
WESTERN SAVINGS AND LOAN ASSOCIATION, a federal savings and
loan association; Western Savings and Loan
Association, an Arizona corporation;
Gary H. Driggs, and Kay
Driggs, Defendants-Appellees.
 No. 90-15180.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1992.
Decided Oct. 27, 1992.
 
 Before CHOY, ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Burns International, Inc., W.I.O., Inc., Robert Burns, and Paige Burns (collectively "the Burnses") appeal from the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. In a published opinion filed on this date, we have set forth the procedural history of this case. The district court originally awarded the Driggses attorneys' fees incurred in the presentation of their motion to dismiss. The Driggses demonstrated that these fees amounted to $12,901.
 
 I.
 
 3
 A. Sanctions for Filing the Complaint.
 
 
 4
 The Burnses contend that the district court abused its discretion in imposing a Rule 11 sanction for the filing of their complaint in this matter.
 
 
 5
 We review an order imposing Rule 11 sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). A district court abuses its discretion if it does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in an irrational manner to arrive at a conclusion that no reasonable judge would reach. Hunt v. National Broadcasting Co., Inc., 872 F.2d 289, 292 (9th Cir.1989).
 
 
 6
 The Burnses filed this action in federal district court claiming that the Driggses had violated 12 U.S.C. § 1464(q). The Burnses also alleged that the Driggses were liable for negligent misrepresentation and consumer fraud under Arizona law. The complaint expressly states that these claims were "pendent state claims."
 
 
 7
 Section 1464(q) provides in pertinent part:
 
 
 8
 A savings association may not in any manner extend credit, lease, or sell property of any kind, or furnish any service, or fix or vary the consideration for any of the foregoing, on the condition or requirement ... that the customer shall obtain additional credit, property, or service to such savings association....
 
 
 9
 12 U.S.C. § 1464(q).
 
 
 10
 The plain language of the statute limits its application to a regulation of the conduct of a savings association. Rule 11 requires that a pleading be filed in good faith. "A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after a 'reasonable inquiry.' " Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986).
 
 
 11
 The district court did not abuse its discretion in concluding that a reasonably competent attorney would have recognized that, by its terms, Section 1464(q) does not apply to a natural person.
 
 
 12
 The Burnses' counsel did not argue at the hearing on the motion to dismiss that the complaint's allegation that the Driggses were liable under Section 1464(q) was made in good faith. In their briefs before this court, the Burnses do not contend that they or their counsel believed in good faith that Section 1464(q) authorizes the filing of a private cause of action against a natural person. Instead, they argue that the district court had jurisdiction over their fraud and negligent misrepresentation claims under federal common law.
 
 
 13
 At the time the First Amended Complaint was filed, however, the Burnses alleged that these causes of action were pendent state claims. Because the district court did not abuse its discretion in concluding that the Burnses did not file this action in federal court in good faith, the sanction of $12,901 imposed for the legal expenses incurred in presenting the motion to dismiss must be upheld.
 
 
 14
 B. Sanctions for Filing Motions to Amend and to Reconsider the Judgment.
 
 
 15
 The district court also awarded sanctions in the amount of $6,330.00 for the expenses incurred in responding to motions to amend and to reconsider the judgment. The Burnses assert that the district court abused its discretion in sanctioning them for filing the motions to amend and to reconsider the judgment. We agree.
 
 
 16
 The Burnses alleged in the First Amended Complaint that Western Savings had violated Section 1464(q). In addition, the Burnses alleged three state causes of action against the Driggses. These claims were alleged to be pendent state claims to the claim that the Driggses were liable under Section 1464(q). Because the court concluded it had no jurisdiction over the Section 1464(q) against the Driggses, it also held that it had no jurisdiction over the nondiverse pendent state claims.
 
 
 17
 In the motions to amend and to reconsider the judgment, the Burnses brought to the district court's attention that its state law claims against the Driggses for fraud and negligent misrepresentation could be adjudicated in federal court as pendent party claims. The Burnses argued that the state law claims alleged against the Driggses arose out of the same nucleus of operative facts as the Section 1464(q) claims against Western Savings. The Burnses relied on this court's decision in Teledyne, Inc. v. Kone Corp., 892 F.2d 1404 (9th Cir.1989), which was filed on October 10, 1989, three days before the district court granted the motion to dismiss.
 
 
 18
 In Teledyne, this court held that Congress gave federal courts jurisdiction over pendent party claims in actions filed under the Foreign Sovereign Immunities Act. Id. at 1407-08. The Burnses argued in their motions to amend and to reconsider the judgment that Section 1464(q) also provided jurisdiction over pendent party claims. The district court denied these motions and imposed additional sanctions. The court reasoned as follows:
 
 
 19
 The Plaintiffs also request in their Motion for Amendment from Judgment/for Reconsideration that the Court not assess attorneys fees in this action in favor of the Driggs. The Court ordered the award of fees stating that the claims against the Driggs were not founded upon a good faith argument for the extension or modification of existing law. The Court is not inclined to change its attorney fee award. The failure to adequately research the Homeowners Loan Act before alleging claims against the Driggs, warrants the imposition of attorneys' fees in this case. While the Plaintiffs are presently before the Court arguing that pendent party jurisdiction should be exercised in this action, similar arguments were not made at the time of the Motion to Dismiss. The Plaintiffs opted instead to argue that the state law claims should be viewed as federal common law claims. The Court disagreed with that argument. The Teledyne case, while only recently decided, was not the first federal case to discuss the pendent party jurisdiction issue. The Plaintiffs were, therefore, in no way precluded from raising similar pendent party jurisdiction arguments at the time of the Motion to Dismiss. Had they done so, their argument may well have been construed as a good faith argument for the extension or modification of existing law.
 
 
 20
 (emphasis added).
 
 
 21
 The district court erred as a matter of law in concluding that the Burnses were not precluded from raising the pendent party jurisdiction issue earlier. At the time the complaint was filed in this matter, pendent party jurisdiction was not recognized under the law of this circuit. Ayala v. United States, 550 F.2d 1196 (9th Cir.1977), cert. dismissed, 435 U.S. 982 (1978). Furthermore, in Finley v. United States, 490 U.S. 545 (1989), the Supreme Court declined to apply pendent party jurisdiction to the Federal Torts Claims Act in a case arising out of the Ninth Circuit. Id. at 554. Thus, had the Burnses raised the pendent party argument prior to Teledyne, they may have risked further sanctions because their contention was against long established circuit precedent.
 
 
 22
 The district court abused its discretion in awarding a sanction of $6,330.00 for the filing of a motion to amend and to reconsider the judgment by the Burnses based on this court's adoption of the concept of pendent party jurisdiction in Teledyne. The record demonstrates that the Burnses did not act in good faith in seeking to extend the concept of the Homeowners' Loan Act to a pendent party. The award of sanctions in the amount of $6,330.00 is reversed.
 
 
 23
 AFFIRMED in part, REVERSED in part.
 
 
 24
 The parties shall bear their own costs on this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3